1  EDWIN K. PRATHER (SBN. 190536)
   CLARENCE & DYER LLP
2  899 Ellis Street
   San Francisco, California 94109
3  Telephone: 415.749.1800
   Facsimile: 415.749.1694
4  Email: eprather@clarencedyer.com

5  Attorneys for Defendant Asaf Nass



FILED

MAR 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMIT M. EZYONI, et al.,

    Defendants.

Case No.: CR 07-0788 JF

[PROPOSED] ORDER MODIFYING ASAF NASS' TERMS AND CONDITIONS OF RELEASE

    On January 23, 2008, the Court released defendant Asaf Nass on certain terms and conditions including a $250,000 bond. The bond was unsecured in the amount of $50,000 and secured by $100,000 was secured by cash from Nazgol Ashouri, Mr. Nass' surety and custodian and by $100,000 in equity in Mr. Nass' property at 2484 Stokes Avenue in San Jose, California.

    During a February 28, 2008 hearing, the Court modified the bond to accept an encumbrance as to Mr. Nass' condominium near Austin, Texas instead of the Stokes Avenue property. In its March 11, 2008 Order, the Court modified the bond to be unsecured and secured as follows: [1] Unsecured in the amount of $85,000; [2] Secured by $100,000 in cash from Ms. Ashouri; [3] Secured by $40,000 in cash from Mr. Nass; and [4] Secured by $25,000 in equity in Mr. Nass' condominium near Austin, Texas.

[Proposed] Order Modifying Asaf Nass' Terms and Conditions of Release [Case No.: CR 07-0788 JF]

The $100,000 in cash from Ms. Ashouri was previously posted and Mr. Nass posted $40,000 in cash on March 12, 2008.

However, in attempting to post the Texas property, Mr. Nass has encountered significant issues that preclude its use to secure the instant bond.

As an initial matter, defense counsel had to locate and retain a qualified, Texas-licensed real estate attorney to assist with posting Mr. Nass' property. Although retaining Texas co-counsel posed a significant expense in itself, it was also necessary to ensure the requisite deeds of trust and reconveyance were legally sufficient under Texas law. Texas co-counsel advised that residential mortgages in Texas typically include clauses forbidding any additional encumbrance without permission from the mortgage holder. Moreover, Texas law forbids the encumbrance of a property beyond 80% of its appraised value. Co-counsel believed that Mr. Nass would run afoul of this 80% prohibition given the appraised value of Mr. Nass' property, the limited amount of equity Mr. Nass has in his property, and the $25,000 Mr. Nass sought to encumber to secure his release.

As such, the parties have agreed that it is not feasible to encumber the Texas property. In lieu of the $25,000 in equity in the Texas property, the government and Mr. Nass have agreed that Mr. Nass shall post an additional $10,000 in cash from the sale of his automobile and that the amount of bond unsecured shall be increased by $15,000.

In sum, Mr. Nass' $250,000 bond shall be secured by: $100,000 in cash from Ms. Ashouri and $50,000 in cash from Mr. Nass. The bond shall be unsecured in the amount of $100,000.

Mr. Nass shall post the additional $10,000 in cash within five (5) court days of the filing of this order.

///

///

[Proposed] Order Modifying Asaf Nass' Terms and Conditions of Release [Case No.: CR 07-0788 JF]

1  The March 17, 2008 hearing for the status of Mr. Nass' property posting is vacated.

2  Ms. Ashouri has been notified of the above modifications to the terms and conditions

3  of release and appearance of Mr. Nass.

4  IT IS SO ORDERED.

6  Dated: March 17, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

14  Approved as to form:

16  /s/: Edwin K. Prather
EDWIN K. PRATHER
17  Attorneys for Defendant Asaf Nass

18  /s/: Jeff Nedrow
JEFF NEDROW
19  Assistant United States Attorney